THE STATE, EX REL. DRAKE, APPELLANT, *v.* ATHENS COUNTY BOARD OF ELECTIONS ET AL., APPELLEES.

[Cite as State, ex rel. Drake, *v.* Athens Cty. Bd. of Elections (1988), 39 Ohio St. 3d 40.]

(No. 87-924—Submitted July 27, 1988—Decided October 5, 1988.)

*Wilbur Drake, pro se.*

*Michael Ward,* prosecuting attorney, for appellee Athens County Board of Elections.

*Lavelle, Carson, Lavelle & Lavelle Co., L.P.A.,* and *Frank A. Lavelle,* for appellee Trimble Township Wastewater Treatment District.

*Per Curiam.* Relator appeals the denial of his motion for separate findings of fact and conclusions of law with respect to the dismissal of his complaint in mandamus.

Initially, we note that relator's motion was filed out of rule. Civ. R. 52 requires a request for findings of fact and conclusions of law to be made "* * * before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision * * *."

Relator's motion requesting findings of fact and conclusions of law was filed thirty-three days after his com-

plaint in mandamus was dismissed. Clearly, the court of appeals could have dismissed the motion pursuant to Civ. R. 52 as being untimely filed. However, the court of appeals overruled the motion.

We, now, consider the merits of Drake's appeal as of right. When a court dismisses a complaint pursuant to Civ. R. 12(B)(6), it makes no factual findings beyond its legal conclusion that the complaint fails to state a claim upon which relief can be granted. Thus, the court does not assume the role of factfinder and has no duty to issue findings of fact and conclusions of law. *Paramount Supply Co.* v. *Sherlin Corp.* (1984), 16 Ohio App. 3d 176, 180, 16 OBR 186, 190, 475 N.E. 2d 197, 202. See, also, Civ. R. 52.

As relator's complaint in mandamus was dismissed pursuant to Civ. R. 12(B)(6), the court of appeals was not required to file separate findings of fact and conclusions of law when dismissing his complaint in mandamus.

The judgment is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.