HENDERSON, Appellee,

v.

BROST FOUNDRY COMPANY, Appellant.

[Cite as *Henderson v. Brost Foundry Co.* (1991), 74 Ohio App.3d 78.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58479.

Decided May 13, 1991.

Cornrich, Katz & Cornrich and Janet McCamley; Fred J. Pomeani, for appellee.

Willacy & LoPresti, Aubrey B. Willacy and Lisa A. Reid, for appellant.

DYKE, Judge.

Appellant, Brost Foundry Company, appealed to the court of common pleas from a decision of the Industrial Commission of Ohio. On August 14, 1989 the trial court entered a journal entry which stated that the case had been settled and dismissed. Appellant's request for findings of fact and conclusions of law was denied on August 21, 1989. On September 19, 1989 appellant filed his notice of appeal from both journal entries. Appellant assigns the following errors for review.

I

"By entering a journal entry which falsely recited that the instant cause had been 'settled and dismissed', the trial court violated defendant Brost Foundry Company's right, as guaranteed to it by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States and R.C. 4123.519, to have its day in court on the issue of whether plaintiff is entitled to participate in workers' compensation benefits and, thus, said defendant's correlative right to obtain surplus fund reimbursement of all charges theretofore made against its risk account, and to obtain a refund of all premiums assessed against it by reason of the prior administrative allowance of plaintiff's claim, in the event that it prevailed at trial, and such violation of defendant Brost's right was error prejudicial to said defendant."

## II

"The trial court abused its discretion and committed error prejudicial to defendant Brost Foundry Company in overruling said defendant's motion for findings of fact and conclusions of law."

Appellant failed to file its notice of appeal within thirty days of the journal entry dismissing the case. We are without jurisdiction to address Assignment of Error No. I which contests the dismissal.

App.R. 4(A) states as follows:

"In a civil case, the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within thirty days of the date of the entry of the judgment or order appealed from."

Appellant filed its notice of appeal on September 19, 1989, thirty-six days after the date of the journal entry dismissing the case. Appellant argues that the thirty-day period for filing the notice of appeal began to run on the date that the motion for findings of fact and conclusions of law was denied and cites App.R. 4(A). That rule states in part as follows:

"The running of the time for filing a notice of appeal is suspended as to all parties by a timely motion filed in the trial court by any party pursuant to the Civil Rules hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of the last of any of the following orders made upon a timely motion under such rules granting or denying a motion * * * (4) for findings of fact and conclusions of law under Civ.R. 52."

Appellant contends that if the motion had been granted this court would hold that the notice of appeal was timely. Whether the motion was granted or denied is irrelevant. If the time is extended pursuant to App.R. 4(A) it is extended from "the last of any of the following orders made upon a timely motion * * *." For example, the running of the time for appeal is suspended when a motion for judgment notwithstanding the verdict is denied. See, e.g., *Berksdale v. Van's Auto Sales, Inc.* (1988), 38 Ohio St.3d 127, 527 N.E.2d 284.

App.R. 4(A) specifically states that the running of the time is suspended by a motion "for findings of fact and conclusions of law *under Civ.R. 52.*" (Emphasis added.) Therefore the motion must be one authorized by Civ.R. 52. That rule states in part as follows:

"When questions of fact are tried by the court without a jury, judgment may be general * * * unless one of the parties in writing requests otherwise

\* \* \*, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

The Ohio Supreme Court has held that findings of fact and conclusions of law are not required when a motion to dismiss is granted. *State ex rel. Drake v. Athens Cty. Bd. of Elections* (1988), 39 Ohio St.3d 40, 528 N.E.2d 1253. *Drake* explained that when a court does not assume the role of factfinder it has no duty to issue findings of fact and conclusions of law. *Id.* at 41, 528 N.E.2d at 1254. Civ.R. 52 stated that it applies "[w]hen questions of fact are tried." No questions of fact are tried when a case is settled and dismissed and thus the trial judge did not assume the role of factfinder. No findings of fact or conclusions of law are required under Civ.R. 52.

Therefore, appellant could not file a motion "for findings of fact and conclusions of law *under Civ.R. 52.*" In an analogous situation the Ohio Supreme Court held that although under App.R. 4(A) a motion for new trial suspends the running of the time the filing of a motion for new trial does not suspend the running of the time when summary judgment was granted and no trial was ever had. *L.A. & D. v. Bd. of Commrs.* (1981), 67 Ohio St.2d 384, 21 O.O.3d 242, 423 N.E.2d 1109.

Appellant also argues that he was entitled to findings of fact and conclusions of law because he had no other way of determining the reason for the order settling and dismissing the case. Civ.R. 52 limits mandatory findings of fact and conclusions of law to certain circumstances and the instant case is not one of them.

Accordingly, appellant's appeal from the order settling and dismissing its case is dismissed *sua sponte.* The decision of the trial court denying the motion for findings of fact and conclusions of law is affirmed.

*Dismissed sua sponte in part and affirmed in part.*

MATIA, P.J., and ANN MCMANAMON, J., concur.