OPINION
This appeal arises from a trial court judgment entry dismissing Appellant Shjamil Sutton's complaint against Appellees, Lawrence D. Leeders and Nationwide Insurance Company. For the foregoing reasons, this Court reverses the trial court judgment and remands the matter back to the trial court.
In September, 1992, Appellee Leeders filed a subrogation action in Mahoning County Common Pleas Court on behalf of co-Appellee Nationwide against Appellant and other parties. During the course of that action, Case No. 92 CV 2288, Appellee Leeders made several attempts to serve Appellant with the complaint. Leeders' first attempt was to send the complaint by certified mail to the Lorain Correctional Institution in October, 1992. The complaint was returned marked "Refused: Not here." In December, 1992, Appellee Leeders attempted to serve the complaint by certified mail to 719 Linwood Avenue, Youngstown, but the complaint was returned marked "forwarding time expired". In March, 1993, Appellee Leeders attempted service by certified mail to Appellant's forwarding address, 458 Sherwood Avenue, Youngstown, where Appellant's cousin signed the return receipt. Appellee had gotten this address from the U.S. Post Office.
In November, 1993, the court granted Appellee Nationwide default judgment against Appellant in the amount of Twenty-five thousand four hundred ten dollars and fifty cents ($25,410.50). In April, 1994, The Ohio Bureau of Motor Vehicles suspended Appellant's commercial driver's license for failing to satisfy the judgment in violation of Ohio's financial responsibility law. On Appellant's motion the trial court vacated this default judgment on February 6, 1996 and subsequently dismissed Case no. 92 CV 2288.
On July 11, 1996, Appellant filed the action from which the instant appeal originates, Case no. 96 CV 1760. In his complaint, Appellant alleged abuse of process, malicious prosecution, fraud, defamation, and wanton misconduct by Appellees with respect to their actions in the earlier matter. Appellant alleged that Appellees did not obtain service on Appellant and that the court granted default judgment based on Appellees' misrepresentation that they had properly obtained service on Appellant of the earlier complaint. Appellant further alleged that Appellee Leeders forwarded notice of the "fraudulent" default judgment to the Ohio Bureau of Motor Vehicles, resulting in suspension of Appellant's driver's license. On October 4, 1996, Appellees filed a Civ.R. 12 (B) (6) Motion to Dismiss which the trial court granted. On December 10, 1996, Appellant filed this appeal. Appellant's sole assignment of error alleges:
 "The trial court prejudicially erred against Plaintiff/Appellant by dismissing Plaintiff/Appellant's Complaint when it found and ruled that Plaintiff/Appellant can prove no set of facts which would entitle him to relief when, in fact, Plaintiff/Appellant can prove many sets of fact which would entitle him to relief."
In reviewing a trial court judgment granting a motion to dismiss under Civ.R. 12 (B) (6) for failure to state a claim upon which relief can be granted, an appellate court must independently review the complaint to determine if dismissal was appropriate. Decisions on such motions are not findings of fact, but are conclusions of law. State ex rel. Drake v. Athens Cty.Bd. of Elections (1988), 39 Ohio St.3d 40, 41. Therefore, the appellate court need not defer to the trial court decision in Civ.R. 12 (B) (6) cases.
In resolving a Civ.R. 12 (B) (6) case, a court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials unless the motion is converted into a motion for summary judgment under Civ.R. 56. State ex rel Baranv. Fuerst (1990), 55 Ohio St.3d 94, 97. Thus, an appellate court may not assume as true or even consider facts alleged in a party's brief or attachments to that brief. Phung v. WasteManagement, Inc. (1986), 23 Ohio St.3d 100, 102, overruled on other grounds, Kulch v. Structural Fibers, Inc. (1986), 78 Ohio St.3d 134,157.
In determining a motion to dismiss brought under Civ.R. 12 (B) (6) Motion, a court must presume that all factual allegations in the complaint are true and must make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1989),40 Ohio St.3d 190, 192, citing 2A Moore, Federal Practice (1985) 12-63 paragraph 12.07 [2.5]. In order to grant the motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recover. O'Brien v.University Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242,245. While a court must accept as true the allegations in the complaint, it need not presume the truth of conclusions unsupported by factual allegations. Schulman v. City of Cleveland
(1972), 30 Ohio St.2d 196, 198.
In the present case, all of Appellant's averments depend on his allegation at Paragraph 7 of the complaint that, "Neither [Appellee] ever obtained legal and proper service of process, pursuant to Ohio law, of any pleading on [Appellant] in Mahoning County Common Pleas Court Case No. 92 CV 02288." Based upon this allegation, Appellant claims that Appellees fraudulently obtained default judgment against Appellant and that Appellees fraudulently procured the suspension of his driver's license. Appellant did not set forth in his complaint any factual allegations to demonstrate how or why service was improper or illegal.
In Ohio, all that is required of a plaintiff in a dispute is a form of "notice" pleading as set forth in Civ.R. 8, see York v.Ohio state Highway Patrol (1991), 60 Ohio St.3d 143, 144, which sets out that all that is required of a plaintiff in a complaint is a, ". . . short and plain statement of the claim showing that the party is entitled to relief." The Supreme Court has enunciated that:
 "Under [the Ohio Rules of Civil Procedure], a plaintiff is not required to prove his or her case at the pleading stage. Very often, the evidence necessary for a plaintiff to prevail is not obtained until the plaintiff is able to discover materials in the defendant's possession. If the plaintiff were required to prove his or her case in the complaint, many valid claims would be dismissed because of the plaintiff's lack of access to relevant evidence. Consequently, as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover., the court may not grant a defendant's motion to dismiss." Id., at 144-145
Thus, Appellant was not required to allege specifically how or why service was improper. Nor does Appellant's claim fall into one of the limited exceptions to the general rule wherein the Supreme Court of Ohio has required, "the pleading of specific facts rather than mere unsupported conclusions." State ex rel.Williams Ford Sales, Inc. v. Connor (1995), 72 Ohio St.3d 111,113. Appellant's statement that neither defendant had obtained legal or proper service of process pursuant to Ohio law was a factual allegation sufficient to put Appellees on notice as to the nature of the claim. See also York, supra, at 146 (Moyer, C.J., concurring) ("This court's opinions do not require a complaint to contain anything more than brief and sketchy allegations of fact to survive a motion to dismiss under the notice pleading rule").
We note that the record indicates, and the parties' briefs in this matter actually argue, facts which may support a motion for summary judgment in this matter. In any event, where it is difficult to distinguish "unsupported conclusions" from "facts" in a pleading, the Supreme Court of Ohio has suggested resort to, "the more complete consideration afforded under Civ.R. 56 (summary judgment)." Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,193 n. 3.
For all of the foregoing, the assignment of error advanced by Appellant is well taken and we hereby reverse the decision of the trial court and remand the matter for further action consistent with this Court's opinion.
Donofrio, J., Vukovich, J., concurs.
APPROVED:
 __________________________________ CHERYL L. WAITE, JUDGE