OPINION
Plaintiff-appellant Gerald Heflen appeals the August 4, 1999 Entry entered by the Mansfield Municipal Court, granting defendant-appellee Automotive Warranty Corporation of America's Motion for Stay and for Order to Submit to Arbitration.
 STATEMENT OF THE FACTS AND CASE
On August 6, 1998, appellant purchased a 1993 GMC Sonoma pickup truck from Ashland Road Motors in Mansfield, Ohio, for the purchase price of $7,100. Several weeks later, appellant received a letter from appellee offering an unlimited milage warranty. This letter offered continuing warranty coverage under either of two options: a power trained warranty or an expanded warranty. After reviewing the information, appellant sent an application and a check for $148.50 to appellee for a twelve month expanded warranty. Thereafter, appellant received a limited warranty service contract dated September 21, 1998, from appellee. The contract, which indicated the warranty coverage commenced on September 13, 1998, included a mandatory arbitration provision. Appellant subsequently received a second correspondence, dated September 23, 1998, from appellee offering an "expanded plus" coverage for an additional $49.75. Appellant completed the appropriate portion of the letter and returned it to appellee with a check in the amount of $49.75. Thereafter, appellant received an "expanded plus" rider, dated October 11, 1998. In mid-October, 1998, the engine of appellant's truck developed a knock. Appellant contacted appellee to make a claim under the warranty. On October 29, 1998, appellee sent an inspector to exam the engine of appellant's truck. The inspector determined the engine failure was the result of long term wear rather than the failure of the oil pump, which appellant claimed. Subsequently, appellant received a correspondence from appellee, dated November 4, 1998, denying his claim. On March 24, 1999, appellant filed a Complaint in the Mansfield Municipal Court, alleging breach of contract and breach of express warranty. In response, appellee filed a Motion for Stay and for Order to Submit to Arbitration. Appellant filed a Memorandum in Opposition on June 7, 1999. On that same day, appellant filed an Amended Complaint, which added a claim for relief under the Magnuson-Moss Warranty Act and the Ohio Consumer Sales Practices Act. Via Entry dated August 14, 1999, the trial court granted appellee's motion to stay. Appellant filed a Request for Findings of Fact and Conclusions of Law, which the trial court denied via Judgment Entry filed September 23, 1999. Appellant filed a Notice of Appeal on October 21, 1999. It is from the August 14, 1999 Entry appellant appeals, raising as his sole assignment of error:
THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION TO STAY THE TRIAL PROCEEDINGS UNTIL ARBITRATION WAS CONDUCTED PURSUANT TO THE TERMS OF THE WARRANTY SERVICE CONTRACT ENTERED INTO BETWEEN PLAINTIFF AND DEFENDANT.
 I
Before commencing our discussion of the merits of appellant's first assignment of error, we must determine whether appellant's appeal was timely filed. App. R. 4(A), which sets forth the time period in which a notice of appeal must be filed, reads as follows:
 A party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.
However, App. R. 4(B) enumerates exceptions to the appeal time period in App. R. 4(A). Applicable to the instant action is App. R. 4(B)(2), which provides: In a civil case * * * if a party files a timely motion for judgment * * * findings of fact and conclusions of law under Civ.R. 52, the time for filing a notice of appeal begins to run as to all parties when the order disposing of the motion is entered.
Appellant filed a Request for Findings of Fact and Conclusions of Law on September 1, 1999. Although App. R. 4(B)(2) states the running of the time for a notice of appeal is suspended by a motion for findings of fact and conclusions of law, the motion must be one authorized by Civ.R. 52, which reads: When questions of fact are tried by the court without a jury, judgment may be general * * * unless one of the parties in writing requests otherwise * * * in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.
When a court does not assume the role of factfinder, it has no duty to issue findings of fact and conclusions law. State ex rel. Drake v. Athens County Bd. of Elections (1988), 39 Ohio St.3d 40,41. Civ.R. 52 applies "[w]hen questions of fact are tried." No questions of fact were tried when the trial court in the instant action ruled on appellee's motion for stay; therefore, the trial court did not assume the role of factfinder. As such, no findings of fact or conclusions of law are required under Civ.R. 52. The tolling provision does not apply to every request for findings of fact and conclusions of law, but only to those authorized by Civ.R. 52. Henderson v. Brost Foundry Co. (1991), 74 Ohio App.3d 78,80. We find appellant's motion was not authorized by Civ.R. 52 because questions of fact were not tried to the trial court. Accordingly, we find the time for filing this appeal was not tolled by appellant's Request for Findings of Fact and Conclusions of Law. Appellant did not file his notice of appeal until some two months after the trial court filed its entry granting appellee's motion for stay; therefore, appellant's notice of appeal is untimely filed. Based upon the foregoing, we dismiss appellant's appeal for lack of jurisdiction.
HOFFMAN, P.J. and FARMER, J. concur