[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, Joseph B. Mansour, filed this appeal in which he alleges that the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment without an evidentiary hearing. Defendants-appellees, Henry D. Acciani and David Donnett, have filed motions to dismiss, in which they argue that Mansour's notice of appeal was not filed within thirty days of the judgment from which he has appealed, and, therefore, that this court is without jurisdiction to hear the appeal. We find appellees' motions to be well taken.
The record shows that the trial court journalized an entry summarily overruling Mansour's motion on February 27, 1998. However, Mansour did not file his notice of appeal until August 13, 1998. App.R. 4 requires a party to file a notice of appeal within thirty days of the judgment or order from which the appeal is taken. The failure to timely file a notice of appeal deprives the appellate court of jurisdiction to entertain the appeal.State ex rel. Pendell v. Adams Cty. Bd. of Elections (1988),40 Ohio St.3d 58, 60, 531 N.E.2d 713, 714-715; Bosco v. Euclid
(1974), 38 Ohio App.2d 40, 42-43, 311 N.E.2d 870, 872. Because Mansour's notice of appeal was not filed within thirty days from the trial court's order denying his Civ.R. 60(B) motion, we are without jurisdiction to consider the merits of the appeal.
Mansour contends that because he filed a Civ.R. 52 motion for findings of fact and conclusions of law, the time period for filing the appeal did not begin to run until the trial court ruled on his motion. However, that rule only applies in cases where Civ.R. 52 or a statute requires the trial court to state in writing its findings of fact and conclusion of law upon the request of any party. See App. R. 4(B)(2); Walker v. Doup
(1988), 36 Ohio St.3d 229, 522 N.E.2d 1072; State v. Mapson
(1982), 1 Ohio St.3d 217, 438 N.E.2d 910. A motion for findings of fact and conclusions of law where findings and conclusions are not mandatory under Civ.R. 52 does not toll the period for filing a notice of appeal. Henderson v. Brost Foundry Co. (1991),74 Ohio App.3d 78, 80-81, 598 N.E.2d 62, 63-64; Heflen v. AutomotiveWarranty Corp. of Amer. (Feb. 22, 2000), Richland App. No. 99CA80, unreported; Carrabine v. Brown (Aug. 13, 1993), Geauga App. No. 92-G-1736, unreported. See, also, Lane v. Cincinnati Civ. Serv.Comm. (1997), 122 Ohio App.3d 663, 670, 702 N.E.2d 905, 909, fn. 5; Pryse v. Hills Bldg. Constr. Serv. (Mar. 19, 1999), Hamilton App. No. C-980317, unreported.
Civ.R. 52 states that findings of fact and conclusions of law "are unnecessary upon all other motions including those pursuant to Rule 12, Rule 55 and Rule 56." Several courts, including this one, have held that this language applies to motions for relief from judgment under Civ.R. 60(B). Briggs v.Deters (June 25, 1997), Hamilton App. No. C-961068, unreported;Muirloch Realty, Inc. v. Ashpole (Aug. 25, 1995), Delaware App. No. 94 CA-E-04-010, unreported; Angel v. Angel (Feb. 18, 1993), Scioto App. No. 92CA2071, unreported. See, also, Newbauer v.Kender (1986), 32 Ohio App.3d 49, 50, 513 N.E.2d 1359, 1361. Because Civ.R. 52 did not require the trial court to set forth findings of fact and conclusions of law in ruling upon Mansour's Civ.R. 60(B) motion, the time period for filing an appeal was not tolled, regardless of whether the trial court actually issued findings of fact and conclusions of law. Henderson, supra, at 80,598 N.E.2d at 64. Consequently, Mansour's notice of appeal was not timely filed. We are without jurisdiction to consider the issues he raises, and we, therefore, dismiss the appeal.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Painter, JJ.
 To the Clerk:
Enter upon the Journal of the Court on April 5, 2000
per order of the Court.
 _________________ PRESIDING JUDGE DOAN