OPINION
{¶ 1} Appellant John E. Wells, Sr. appeals the decision of the Belmont County Common Pleas Court, Juvenile Division, which granted permanent custody of one of the daughters he raped to appellee Belmont County Department of Job and Family Services, Children Services Division. For the following reasons, this appeal is dismissed as untimely.
 STATEMENT OF THE CASE {¶ 2} In December 1997, a jury found appellant guilty of five counts of rape, two with force specifications, in violation of R.C. 2907.02(A)(1)(b) and (2). The charges stemmed from the repeated rape and molestation of his three minor daughters. He was sentenced to two life sentences and three ten-year terms of imprisonment, all to be served consecutively. We affirmed his convictions. State v. Wells (Mar. 22, 2000), 7th Dist. No. 98JE3, discretionary appeal disallowed (2000),89 Ohio St.3d 1465. We also affirmed the denial of his petition for post-conviction relief. State v. Wells (June 21, 2000), 7th Dist. No. 99JE2.
 {¶ 3} In 1998, appellant's wife (Drema Wells) was convicted of felony corruption of a minor and sentenced to fifteen months in prison. Upon her release, she was ordered to register as a sex offender and have no contact with minors, including her own children.
 {¶ 4} The present case revolves around their daughter, Tara, whose date of birth is December 8, 1988. Besides being molested by her father, Tara was also molested by an uncle. In March 2001, a delinquency complaint was filed against Tara for assaulting a ten-year-old and a twelve-year-old. The two counts would be first degree misdemeanors if committed by an adult. On May 18, 2001, Tara pled to the charges and was ordered into court custody. She then was placed into foster care.
 {¶ 5} On July 2, 2003, Children Services filed a motion to change court custody to permanent custody. The motion noted that custody to either parent is not an option due to their criminal histories which were briefly reviewed. The motion also stated that Tara is doing well in her placement and is adoptable. Appellant filed various motions to dismiss the motion for permanent custody, which were all denied.
 {¶ 6} A dispositional hearing was conducted on August 28, 2003. The grandparents' attorney advised that they were interested in custody but realized the chances are "very slim" so they decided to give up hope and go to work instead of coming to the hearing. (Tr. 6). Tara's mother was represented by an attorney who advised that she would not oppose the motion as she believed the placement was in Tara's best interests. (Tr. 7). The conviction records were admitted into evidence.
 {¶ 7} Tara's therapist of six years testified that permanent custody was in Tara's best interests. (Tr. 30). He disclosed that Tara had been diagnosed with Post-Traumatic Stress Disorder due to sexual molestation from her father and his brother. (Tr. 27). He explained that he supported Tara's removal from her grandparent's house because the grandmother maintained contact with Tara's molesters, most particularly the uncle, and showed Tara letters from prison. (Tr. 29-30). The therapist noted that the potential adoptive parent is willing to let Tara stay in contact with her siblings, grandmother, and two other uncles. (Tr. 36).
 {¶ 8} Tara's caseworker testified that Tara was declared dependent by a different court in 2000. (Tr. 38). She noted that Tara was removed from her grandparent's care due to delinquency and that she has been in her current foster care situation since May 2001. (Tr. 38-39). She opined that there were no dispositional alternatives other than permanent custody. (Tr. 41). Finally, the court custody case manager testified that she had no objection to permanent custody as it was in Tara's best interests. (Tr. 47). The guardian ad litem's report, which recommended that permanent custody be granted to Children Services, was admitted into evidence. Appellant called no witnesses.
 {¶ 9} On October 2, 2003, the court granted permanent custody to Children Services. The court's entry reviewed the testimony presented. The court emphasized the parents' convictions, especially appellant's convictions for raping his children. The court concluded that it is apparent that Tara cannot be placed with either parent within a reasonable time or should not be placed with either parent. The court found that Children Services proved by clear and convincing evidence that permanent custody should be granted to them and that all parental rights should be terminated.
 {¶ 10} On October 10, 2003, appellant filed a request for findings of fact and conclusions of law as to the overruling of his pretrial motions and jurisdictional challenges. On October 21, 2003, the court denied the request for findings and conclusions on the ground that it was not timely filed. On October 30, 2003, appellant filed a motion to reconsider the denial of his request for findings and conclusions. The court denied this motion on November 6, 2003. Appellant filed notice of appeal on November 19, 2003, with an "explanation of timeliness." In his brief, he sets forth six assignments of error with various subassignments.
 TIMELINESS OF APPEAL {¶ 11} Pursuant to App.R. 4(B)(2), the appeal period in a juvenile case is tolled while a timely filed motion for findings of fact and conclusions of law is pending. According to Civ.R. 52, a request for findings and conclusions must be filed no later than seven days after notice of the announcement of the court's decision.
 {¶ 12} Appellant argues that his November 19 appeal was timely filed from the October 2 custody order because he filed a timely request for findings of fact and conclusions of law, giving him thirty days from the October 21 denial of his request. He then explains why his request for findings and conclusions in the trial court was timely. First, he notes that under Civ.R. 6(A), the seven-day period would not begin running until the day after the court's entry. He then concludes that October 10 is seven days from October 3 (the day after the entry). Contrary to appellant's calculation, October 10, which was a Friday, is the eighth day from October 3. Nonetheless, he alternatively argues that Civ.R. 6(E) gives him three extra days when service of notice is by mail.
 {¶ 13} In reviewing these arguments, this court previously suggested that the appeal was timely. See 01/15/04 J.E (denying appellant's request to hold this expedited appeal in abeyance for resolution of the timeliness issue). However, since the timeliness of the notice of appeal affects this appellate court's jurisdiction, we now consider the following issue surrounding Civ.R. 52, which provides in pertinent part:
 {¶ 14} "When questions of fact are tried by the court
without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ. R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law. * * *
 {¶ 15} "Findings of fact and conclusions of law required bythis rule and by Rule 41(B)(2) are unnecessary upon all othermotions including those pursuant to Rule 12, Rule 55 and Rule 56." (Emphasis added.)
 {¶ 16} Here, appellant's request for findings and conclusions specifically states that he only seeks findings and conclusions with regards to the denial of motions and jurisdictional challenges. The request had nothing to do with the "questions of fact [that were] tried by the court" as required by Civ.R. 52. In fact, Civ.R. 52 specifically states that findings and conclusions are unnecessary upon all other motions, including Civ.R. 12 motions. Civ.R. 12 mentions topics such as subject matter jurisdiction and personal jurisdiction, both of which are mentioned in appellant's pretrial motions. Thus, appellant was not entitled to use Civ.R. 52 to ask for findings and conclusions on the denials of his motions to dismiss.
 {¶ 17} Case law supports this conclusion. For instance, the Supreme Court has held that a party is not entitled to findings of fact and conclusions of law on the denial of a motion where the court did not have to try any questions of fact in order to resolve the motion. State ex rel. Grove v. Nadel (1998),81 Ohio St.3d 325, 326. See, also, Werden v. Crawford (1982),70 Ohio St.2d 122, 124. When the court does not assume the role of fact-finder, no duty to issue findings and conclusions arises.State ex rel. Drake v. Athens Cty. Bd. of Elections (1988),39 Ohio St.3d 40, 41.
 {¶ 18} More relevant to the appeal time issue, the Supreme Court has held that a movant was not entitled to file a motion for a new trial, which usually tolls the appeal time, if summary judgment was granted and no trial was ever held. L.A. D., Inc.v. Bd. of Commrs. (1981), 67 Ohio St.2d 384, 387. The court concluded that such motion was a nullity, and thus, the motion did not suspend the time for appeal. Id. Finally, the Eighth Appellate District held that in order to toll the appeal time under App.R. 4(B)(2), the request for findings and conclusions must be authorized under Civ.R. 52 and that such request is not authorized where no fact-finding hearing occurred in the ruling on the motion. Henderson v. Brost Foundry Co. (1991),74 Ohio App.3d 78, 80.
 {¶ 19} According to this case law, appellant's post-judgment request in the trial court was a nullity since it sought findings of fact and conclusions of law on motions upon which the trial court did not make any factual determinations. As a result, appellant's request did not toll the time for filing notice of appeal under App.R. 4(B)(2), and thus, the notice of appeal in this case was untimely filed.
 {¶ 20} For the foregoing reasons, this appeal is hereby dismissed as untimely.
Donofrio and DeGenaro, JJ., concur.