OPINION
{¶ 1} Plaintiff-appellant, John T. Bragg ("Bragg"), a convicted murderer[1] currently serving a life sentence at the Grafton Correctional Institute in Grafton, Ohio, appeals from *Page 2 
a judgment of the Franklin County Court of Common Pleas, that granted the motion to dismiss filed by defendants-appellees, the Honorable Robert Taft, former Governor of the State of Ohio, and Reginald Wilkinson, Director of the Ohio Department of Rehabilitation and Correction (collectively referred to as "the State"). For the following reasons, we affirm.
 {¶ 2} The following facts are pertinent to this appeal. In 1994 and 2003, Bragg, a Canadian citizen, requested a transfer to a Canadian prison to serve the remainder of his sentence, claiming entitlement under the treaty entered into between the United States of America and Canada on the Execution of Penal Sentences, 30 U.S.T. 6263-6272, T.I.A.S. 9552 (1978) ("the Treaty"). The State denied both requests on the basis that R.C. 5120.53 prohibited Bragg's transfer.
 {¶ 3} On June 23, 2005, Bragg filed a complaint against the State, seeking declaratory and injunctive relief. Therein, Bragg challenged the constitutionality of R.C. 5120.53, asserting that the statute is impermissibly overbroad and violates the Supremacy Clause in Article VI
of the United States Constitution because it conflicts with the express terms of the Treaty. Bragg further alleged that the State acted unlawfully by considering the fiscal ramifications associated with transferring an offender. The relief sought by Bragg included a declaratory judgment that: (1) the State violated the terms of the Treaty; (2) R.C. 5120.53 is unconstitutional; and (3) the State's consideration of fiscal issues frustrates the facilitation of offender transfers. He also sought injunctive relief prohibiting the State from "utilizing R.C. 5120.53 to frustrate the purpose of the Treaty." (Complaint at 9.) *Page 3 
 {¶ 4} The State moved to dismiss Bragg's complaint pursuant to Civ.R. 12(B)(6), and the trial court granted that motion. It is from that judgment Bragg appeals, raising the following assignment of error:
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DISMISSED PLAINTIFF'S COMPLAINT UNDER CIV.R. 12(B)(6) WHEN THE COMPLAINT STATED ALL THE REQUISITE ELEMENTS OF THE PLAINTIFF'S CLAIMS WITH SUFFICIENT PARTICULARITY.
 {¶ 5} By his assignment of error, Bragg challenges the trial court's dismissal of his complaint, asserting that he sufficiently stated a cause of action against the State on the grounds that R.C. 5120.53(A) conflicts with the express terms of the Treaty.
 {¶ 6} This court conducts a de novo review of a trial court's dismissal of a complaint pursuant to Civ.R. 9(B) and 12(B).Singleton v. Adjutant General of Ohio, Franklin App. No. 02AP-971, 2003-Ohio-1838, at ¶ 16, citing State ex rel. Drake v. Athens Cty. Bd.of Elections (1988), 39 Ohio St.3d 40; Tripp v. Beverly Ent.-Ohio,Inc., Summit App. No. 21506, 2003-Ohio-6821, ¶ 59. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs. (1992),65 Ohio St.3d 545, 548; Powell v. Vorys, Sater, Seymour Pease (1998),131 Ohio App.3d 681, 684. Dismissal of a complaint pursuant to Civ.R. 12(B)(6) is appropriate only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to recover. Springfield Fireworks, Inc. v. Ohio Dept. of Commerce, Franklin App. No. 03AP-330, 2003-Ohio-6940, at ¶ 12, citing O'Brien v. Univ.Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, syllabus. *Page 4 
 {¶ 7} Further, to be entitled to declaratory relief, a plaintiff must demonstrate that (1) a real controversy exists between the parties; (2) the controversy is justiciable in character; and (3) the situation requires speedy relief to preserve the rights of the parties.Landskroner v. Landskroner, 154 Ohio App.3d 471, 2003-Ohio-5077, at ¶ 8, citing Herrick v. Kosydar (1975), 44 Ohio St.2d 128. A court may dismiss a declaratory judgment action pursuant to Civ.R. 12(B)(6) only when: (1) no real controversy or justiciable issue exists between the parties; or (2) the declaratory judgment will not terminate the uncertainty or controversy. McConnell, supra, at 681, citing AEI Group,Inc. v. Ohio Dept. of Commerce (1990), 67 Ohio App.3d 546, 550, citingFioresi v. State Farm Mut. Auto. Ins. Co. (1985), 26 Ohio App.3d 203,203-204.
 {¶ 8} We begin our analysis by first examining R.C. 5120.53, which provides in pertinent part:
 (A) If a treaty between the United States and a foreign country provides for the transfer or exchange, from one of the signatory countries to the other signatory country, of convicted offenders who are citizens or nationals of the other signatory country, the governor, subject to and in accordance with the terms of the treaty, may authorize the director of rehabilitation and correction to allow the transfer or exchange of convicted offenders and to take any action necessary to initiate participation in the treaty. If the governor grants the director the authority described in this division, the director may take the necessary action to initiate participation in the treaty and, subject to and in accordance with division (B) of this section and the terms of the treaty, may allow the transfer or exchange to a foreign country that has signed the treaty of any convicted offender who is a citizen or national of that signatory country.
 (B)(1)No convicted offender who is serving a term of imprisonment in this state for aggravated murder, murder, or a *Page 5 
 felony of the first or second degree, who is serving a mandatory prison term imposed under section 2925.03 or 2925.11 of the Revised Code in circumstances in which the court was required to impose as the mandatory prison term the maximum prison term authorized for the degree of offense committed, who is serving a term of imprisonment in this state imposed for an offense committed prior to the effective date of this amendment that was an aggravated felony of the first or second degree or that was aggravated trafficking in violation of division (A)(9) or (10) of section 2925.03 of the Revised Code, or who has been sentenced to death in this state shall be transferred or exchanged to another country pursuant to a treaty of the type described in division (A) of this section.
Succinctly stated, R.C. 5120.53 precludes offenders convicted of aggravated murder from being transferred to a prison in their native country pursuant to a treaty entered into between the United States and a foreign country.
 {¶ 9} Bragg argues, inter alia, that R.C. 5120.53 runs afoul of the Supremacy Clause of Article VI of the United States Constitution because it conflicts with section 7, Article III, of the Treaty ("section 7"), which reads:
 No offender shall be transferred unless:
 (a) he is under a sentence of imprisonment for life; or
 (b) the sentence which he is serving states a definite termination date, or the authorities authorized to fix such a date have so acted; or
 (c) he is subject to confinement, custody or supervision under the laws of the Sending State respecting juvenile offenders; or
 (d) he is subject to indefinite confinement as a dangerous or habitual offender.
 {¶ 10} Bragg is correct to the extent that a Treaty entered into by the United States has the same force and effect as a federal statute, and is secured by the Supremacy *Page 6 
Clause of Article VI. Whitney v. Robertson (1888), 124 U.S. 190, 194, 8 S.Ct. 456 ("By the Constitution a treaty is placed on the same footing, and made of like obligation, with an act of legislation."). After this, however, his argument breaks down. Bragg claims that when an offender (such as he) qualifies for a transfer under section 7, it provides a legal right of transfer, and because R.C. 5120.53 prohibits offenders convicted of aggravated murder from being transferred, R.C. 5120.53
violates the Supremacy Clause, and, therefore, is unconstitutional.
 {¶ 11} We find Bragg's argument to be without merit since it rests upon a fundamental misconstruction of the plain meaning of section 7. That section merely identifies the types of offenders that are eligible for transfer; it does not mandate that an offender be transferred. Moreover, in making this argument, Bragg has selectively omitted the critical section of the Treaty, which deals a fatal blow to his argument. That section provides:
 If the offender was sentenced by the courts pursuant to the laws of a state or province of one of the Parties, the approval of the authorities of that state or province, as well as that of the federal authority, shall be required. The federal authority of the Receiving State shall be responsible for the custody of the transferred Offender.
Section 5, Article III. By its terms and as construed by the courts, section 5 confers unfettered discretion upon the sentencing state to grant or deny an offender's request for transfer. Walton v. Dept. ofCorr. (Mich.Ct.App. 1995), 212 Mich.App. 455. See, also, In reArenas (N.J. 2006), 385 N.J.Super. 440; Brancaccio v. Reno (D.D.C. 1997),964 F. Supp. 1, 7 ("The language of the Treaty regarding the transfer of prisoners is *Page 7 
discretionary."); Marshall v. Reno (D.D.C. 1996), 915 F.Supp. 426, 432
("no language in the treaty's implementing legislation affords [an offender] with a right to a transfer."). Given that the Treaty does not provide an offender with a right to a transfer, we agree with the trial court that Bragg's complaint fails to state a claim upon which relief can be granted. As a result, no justiciable controversy exists.[2]
 {¶ 12} Accordingly, Bragg's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
WHITESIDE, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6C, Article IV, Ohio Constitution.
[1] On October 6, 1989, the Cuyahoga County Court of Common Pleas, following a jury trial, convicted Bragg of two counts of aggravated murder, aggravated robbery, kidnapping, and various specifications. See,State v. Bragg (June 27, 1991), Cuyahoga App. No. 58859, dismissed, (1991) 62 Ohio St.3d 1475; see, also, State v. Bragg (Sept. 5, 1996), Cuyahoga App. No. 70461 (a motion for relief from judgment in which he claimed the trial court lacked subject matter jurisdiction over the matter because the indictment failed to specify the place of the offense was denied); State v. Bragg (Nov. 26, 2001), Cuyahoga App. No. 58859 (application to reopen appeal denied); State v. Bragg, Cuyahoga App. No. 80438, 2002-Ohio-2743 (trial court properly dismissed Bragg's motion that it issue a nunc pro tunc order regarding his conviction as such was precluded by the "law of the case" doctrine).
[2] We also note, as an aside, that some courts have held that individual states are not bound by the terms of the Treaty (or similar treaties) because they were not signatories to same. See, e.g.,Hogan v. Koenig (C.A.9, 1990), 920 F.2d 6 (analyzing the same treaty at issue, and holding that because the state of California was not a party to the Treaty, it was not bound by the Treaty's language), followed by,United States ex rel. Rickard v. Sternes (D.C.Ill.2001),149 F.Supp.2d 437, 450 (analyzing similar treaty with Britain, and holding that Illinois was not bound by its terms); Walton v. Dept. of Corr.
(Mich.Ct.App. 1995), 212 Mich.App. 455 (analyzing same treaty at issue, and holding that Michigan was not bound by its terms). *Page 1