JOURNAL ENTRY AND OPINION *Page 4 
{¶ 1} Appellant, Alkhidr Muhammad ("Muhammed"), appeals the trial court's dismissal of his claims against Key Bank National Association ("Key Bank"), the Cleveland Restoration Society ("CRS"), and Cleveland Action to Support Housing ("CASH"). He assigns the following error for our review:
 "I. The trial court erred in dismissing appellant's complaint as to appellees KeyBank and Cleveland Restoration Society, and in granting judgment on the pleadings to appellee Cleveland Action to Support Housing."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 3} On November 5, 2001, Muhammad borrowed the sum of $40,817 from Key Bank. Muhammad executed a promissory note, which required him to pay Key Bank the sum of $40,817 with interest at the rate of 2.5% in 144 consecutive monthly payments of $328.62. The note was secured by a mortgage on Muhammad's home. The borrowed money was disbursed to CASH as escrow agent, which deposited the amount in a Key Bank account.
 {¶ 4} The loan and mortgage were conditioned on Muhammad's participation in CRS's neighborhood historic restoration program for restoring historic homes. This program required the homeowner to adopt a historic preservation approach to the renovation of the exterior of the home. Muhammad had a disagreement with CRS regarding the work to be done to the exterior of the house. Subsequently CRS would not permit the loan proceeds to be allocated as Muhammad desired. *Page 5 
Therefore, CASH did not disburse any of the borrowed funds from the escrow account except for a consulting fee of $800 that was paid to CRS.
 {¶ 5} Despite the disagreement, Muhammad made his payments of principal and interest on the mortgage loan until September 10, 2002, when CASH released the escrow loan amount (less the $800 consulting fee) to Key Bank. Subsequently, CRS refunded its $800 consulting fee and CASH refunded its $100 escrow fee. Key Bank also refunded $1,044.99 in overpayments to Muhammad.
 {¶ 6} On July 1, 2005, Muhammad filed suit against Key Bank in Cleveland Municipal Court seeking damages in the amount of $1,457.39. Muhammad filed an amended complaint on December 6, 2005, joining CRS and CASH as additional parties.
 {¶ 7} On August 23, 2006, the trial court dismissed Muhammad's complaint against Key Bank for failure to state a claim. The trial court, however, granted default judgment in Muhammad's favor regarding his claims against CRS and CASH. Both CRS and CASH filed motions to vacate the default judgment, which the court granted. The court subsequently dismissed Muhammad's claims against CASH and CRS for failure to state a claim. Muhammad appeals from these multiple judgments.
 Failure to State a Claim *Page 6 
 {¶ 8} In his sole assigned error, Muhammad argues the trial court improperly dismissed his case for failure to state a claim. We disagree.
 {¶ 9} In order to prevail on a Civ.R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recover. A court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials.[1] Moreover, a court must presume that all factual allegations set forth in the complaint are true and must make all reasonable inferences in favor of the nonmoving party.[2]
 {¶ 10} When reviewing a judgment granting a Civ.R. 12(B)(6) motion, an appellate court must independently review the complaint to determine whether dismissal was appropriate. Decisions on Civ.R. 12(B)(6) motions are not findings of fact, but are rather conclusions of law.[3] An appellate court need not defer to the trial court's decision in Civ.R. 12(B)(6) cases.[4]
 {¶ 11} Muhammad, relying on R.C. 1321.57(C)(2), contends that during the ten months he paid his monthly installments on his loan, which was held in escrow by *Page 7 
CASH, Key Bank should not have charged interest since no funds were disbursed to CRS. R.C. 1321.57(C)(2) states, "With respect to interest bearing loans, interest shall not be compounded, collected, or paid in advance." Muhammad argues Key Bank violated this statute by collecting interest prior to disbursing the loan. However, Key Bank disbursed the money to CASH, Muhammad's escrow agent. Key Bank collected interest only on those funds advanced to CASH. Key Bank and CASH are not affiliated in any manner. Once the loan was disbursed, Key Bank had no control over the loan and was not responsible for CRS terminating Muhammad from the program.
 {¶ 12} Muhammad also argues that CASH is indebted to him for the amount of the interest. However, in his amended complaint, Muhammad admitted that CASH acted appropriately as his escrow agent, asserting that CASH "made no disbursements except to pay Defendant Cleveland Restoration Society an $800 consulting fee, which was later returned to plaintiff." CASH returned the escrowed funds to Key Bank. Muhammad also conceded at oral argument that his claim against CASH was properly dismissed.
 {¶ 13} Finally, Muhammad also argues that CRS is indebted to him for the amount of the interest; however, his complaint fails to set forth grounds in support of this claim. According to the complaint, the only amount disbursed to CRS was an *Page 8 
$800 consulting fee, which CRS later returned. Consequently, CRS did not receive any financial benefit from Muhammad in exchange for its consulting service. Moreover, CRS is not a party to the mortgage agreement between Muhammad and Key Bank. There is no basis to hold CRS liable to refund the payments. We conclude the trial court did not err by dismissing Muhammad's claim against the defendants. Accordingly, Muhammad's sole assigned error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, JUDGE
COLLEEN CONWAY COONEY, P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] Greeley v. Miami Valley Maintenance Contrs. Inc. (1990),49 Ohio St.3d 228; State ex rel. Plaza Interiors v. Warrensville Heights (May 24, 2001), Cuyahoga App. No. 78267; Wickliffe Country Place v.Kovacs, 146 Ohio App.3d 293, 2001-Ohio-4302.
[2] Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190; Kennedy v.Heckard, Cuyahoga App. No. 80234, 2002-Ohio-6817.
[3] State ex. rel. Drake v. Athens Cty. Bd. of Elections (1988),39 Ohio St.3d 40.
[4] McGlone v. Grimshaw (1993), 86 Ohio App.3d 279, citing Athens Cty.Bd. of ELECTIONS (1988) 39 OHIO ST. 3d 40. *Page 1