DECISION. *Page 2 
{¶ 1} Relator-appellant, William F. Kramer, appeals the summary judgment entered in favor of respondents-appellees, the city of Norwood, Ohio, and Norwood's service-safety director, Joseph C. Geers (collectively, "the city"), in a mandamus action.
 The Two Collective-Bargaining Agreements {¶ 2} Kramer is a sergeant in the city's police department and a member of the Bargaining Committee of the Norwood, Ohio Police Division ("the union"). A collective-bargaining agreement ("CBA") between the city and the union that was in effect from 2003 through 2005 provided for five police lieutenant positions effective January 1, 2005. But because of a temporary restraining order issued by the common pleas court in a separate lawsuit, the city did not fill the fifth lieutenant position.
 {¶ 3} In 2006, the city and the union entered into a new CBA that purported to reduce the complement of lieutenants from five to four.
 {¶ 4} In 2007, the city posted a vacancy for a lieutenant position. Kramer took an examination for the position and received the second highest test score among the sergeants. The sergeant who had scored first on the examination was promoted, then placing Kramer at the top of the promotional list.
 {¶ 5} When not granted a promotion, Kramer filed a mandamus action, asserting a right to be promoted on the basis that the city had wrongfully reduced the number of lieutenant positions. He contended that he had the right to the promotion retroactive to January 1, 2005, when the complement had been raised to five lieutentants. *Page 3 
 {¶ 6} The trial court entered summary judgment in favor of the city. The court held that it did not have jurisdiction over the mandamus action because Kramer had failed to exhaust the grievance procedure contained in the 2006 CBA. The court nonetheless proceeded to rule on the merits of the case, holding that the city and the union had properly negotiated the reduction in the complement of lieutenants. Kramer now appeals, asserting three assignments of error.
 Subject-Matter Jurisdiction {¶ 7} Before we address Kramer's assignments of error, though, we must decide the threshold question of whether the trial court had jurisdiction to entertain the mandamus action.
 {¶ 8} In general, a common pleas court does not have subject-matter jurisdiction over an employee's complaint if the employee fails to exhaust the labor contract's grievance procedure for resolving disputes.[1]
 {¶ 9} But in this case, the term "grievance," as defined in the 2006 CBA, did not encompass the dispute in the case at bar. The CBA provided that "[a] grievance is an allegation that the terms of this written Agreement have been violated or misrepresented or a difference of opinion exists as to the application or interpretation of same."
 {¶ 10} As Kramer aptly notes, there was no allegation in the case at bar that the 2006 CBA had been violated. The contract explicitly provided for a complement of four lieutenants, and the city had complied with the terms of that provision in refusing to promote Kramer.
 {¶ 11} The essence of the dispute, rather, was the allegation that the very terms of the 2006 CBA were invalid as having embodied a reduction in the lieutenant complement in violation of applicable civil-service laws. For this reason, Kramer's *Page 4 
complaint did not fall within the CBA's definition of "grievance," and it was not subject to the grievance procedure set forth in the agreement.[2] Accordingly, the trial court had subject-matter jurisdiction over the mandamus action.
 Summary Judgment on the Mandamus Action {¶ 12} We now turn to Kramer's assignments of error. In his second assignment of error, he contends that the trial court erred in granting summary judgment in favor of the city on his complaint for a writ of mandamus. In his third assignment of error, he argues that the court erred in overruling his motion for summary judgment. We address the assignments together.
 {¶ 13} Under Civ. R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[3]
This court reviews the granting of summary judgment de novo.[4]
 {¶ 14} To obtain a writ of mandamus, the relator must demonstrate that he has a clear legal right to the relief requested, that the respondent has the clear legal duty to provide the requested relief, and that the relator has no adequate remedy at law.[5]
 {¶ 15} Kramer argues that, in reducing the number of lieutenants, the city had not complied with the civil-service laws set forth in R.C. 124.32, et seq. The city contends that its agreement with the union had validly preempted the applicable civil-service statutes. *Page 5 
 {¶ 16} The trial court was correct in stating that, under R.C. 4117.10(A), agreements between public employers and employees may preempt the provisions of the revised code. But R.C. 4117.10(A) also provides that "where an agreement makes no specification about a matter, the public employer and public employees are subject to all applicable state or local laws or ordinances pertaining to the wages, hours, and terms and conditions of employment for public employees."
 {¶ 17} The Supreme Court of Ohio has placed restrictions on the ability of a public employer and a union to waive the rights embodied in the revised code. In State ex rel. Ohio Assn. of Pub. School Emp./AFSCMEv. Batavia Local School Dist. Bd. of Edn., [6] the court held that "in order to negate statutory rights of public employees, a collective bargaining agreement must use language with such specificity as to explicitly demonstrate that the intent of the parties was to preempt statutory rights."[7]
 {¶ 18} In the case at bar, there was no contractual language that explicitly demonstrated the intent of the parties to preempt statutory rights. In fact, the portion of the 2006 CBA relating to the complement of lieutenants made no reference at all to the employees' rights under the applicable civil-service laws. Although a simple comparison of the 2003-2005 CBA with the 2006 CBA reflects that the number of lieutenants had been reduced, there was no explicit indication that the parties' intent had been to disregard the employees' rights under the revised code.
 {¶ 19} Especially significant with respect to a reduction in the number of lieutenants was R.C. 124.321, which requires a city to fiscally justify the abolishment of a position. Although Kramer was not laid off as a result of the elimination of the *Page 6 
lieutenant position, the uncontroverted evidence was that he would have been promoted but for the reduction in the complement of lieutenants.
 {¶ 20} The city cites Cuyahoga Falls Edn. Assn. v. Cuyahoga Falls CitySchool Dist. Bd. of Edn.[8] for the proposition that a collective-bargaining agreement may provide for a reduction in force in contravention of civil-service law. But in Cuyahoga Falls, the agreement embodied a comprehensive procedure for reductions in force that supplanted the procedures for reductions under the revised code.[9]
 {¶ 21} At most, the CBA in this case reflected an implicit intent to preempt R.C. 124.321 and the other civil-service laws relating to the abolishment of positions. But more is required under the holding inBatavia.
 {¶ 22} Accordingly, we hold that the 2006 CBA did not preempt the revised code's restrictions on the city's ability to reduce the complement of lieutenants. Summary judgment was therefore improperly granted in favor of the city.
 {¶ 23} Nonetheless, the failure of the CBA to preempt the revised code did not necessarily mandate judgment in favor of Kramer. It remains possible that the city had in fact complied with the civil-service laws in eliminating one of the lieutenant positions. On the state of the record before us, though, we cannot determine what procedure — other than bargaining with the union — the city had used to eliminate the position. Accordingly, we must remand the cause for further proceedings to determine whether the city had complied with the mandates of the revised code. Accordingly, we sustain the second assignment of error and overrule the third assignment of error.
 {¶ 24} In his first assignment of error, Kramer argues that the trial court erred in considering extrinsic evidence to determine that the parties had intended to contractually preempt the provisions of the revised code. We have already held that *Page 7 
the terms of the 2006 CBA did not explicitly indicate an intent to preempt the civil-service laws, so the trial court's consideration of evidence to the contrary was irrelevant. We overrule the first assignment of error.
 Conclusion {¶ 25} We reverse the judgment of the trial court and remand the cause for further proceedings consistent with this decision.
Judgment reversed and cause remanded.
CUNNINGHAM and DINKELACKER, JJ., concur.
[1] See, e.g., Fraternal Order of Police v. Springdale (Feb. 5, 1997), 1st Dist. No. C-960151; and Goode v. Cleveland (Dec. 6, 1990), 8th Dist. No. 57632.
[2] See Dryden v. New Philadelphia Civ. Serv. Comm., 5th Dist. No. 2005AP020019, 2005-Ohio-3919 (exhaustion of grievance procedure not mandatory where issue was one of statutory rather than contractual interpretation).
[3] See State ex rel. Howard v. Ferreri, 70 Ohio St.3d 587, 589,1994-Ohio-130, 639 N.E.2d 1189.
[4] Jorg v. Cincinnati Black United Front, 153 Ohio App.3d 258,2003-Ohio-3668, 792 N.E.2d 781, ¶ 6.
[5] State ex rel. Lorain v. Stewart, 119 Ohio St.3d 222,2008-Ohio-4062, 893 N.E.2d 184, ¶ 23.
[6] 89 Ohio St.3d 191, 2000-Ohio-130, 729 N.E.2d 743.
[7] Id. at 198, 2008-Ohio-130, 729 N.E.2d 743.
[8] (1991), 61 Ohio St.3d 193, 574 N.E.2d 442.
[9] Id. at 195. *Page 1