OPINION AND JUDGMENT ENTRY
¶ {1} Notice of Appeal was filed herein on February 13, 2009 from a judgment entry of the Common Pleas Court entered on January 15, 2009 denying appellant's motion pursuant to Civ. R. 52 for findings of fact and conclusions of law. The docket record for underlying Case No. 06CV1086 reveals that on August 29, 2008, the court affirmed a decision of Youngstown City Board of Zoning Appeals granting a variance for the construction of a cellular tower near Kirkmere School. Copies of the August 29, 2008 decision were mailed to the parties on September 2, 2008. On September 5, 2008, appellant filed its request for findings of fact and conclusions of law.
¶ {2} For the reasons that follow, we are compelled to dismiss this appeal as untimely since Civ. R. 52 findings of fact and conclusions of law are not a tolling motion under the circumstances present in this case.
¶ {3} Under Civ. R. 52 "when questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ. R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision * * *."
¶ {4} As the trial court aptly points out, it is not the trier of facts in this appeal from a decision of a Board of Zoning Appeals. InPataskala Banking Co. v. Etna Township Bd. of Zoning Appeals 5th Dist. Nos. 07-CA-116, 07-CA-117, 07-CA-118, 2008-Ohio-2770, our sister appellate district held "If the trial court simply reviews the administrative record, without taking additional evidence, and bases its decision on legal conclusions, Civ. R. 52 is not applicable. However, if the court takes new evidence or makes new findings from the administrative record, it must state its findings when properly requested to do so." In this case, the trial court simply reviewed the administrative record and legal arguments presented by the parties before it affirmed the Board of Zoning Appeals in a judgment filed on August 29, 2008.
¶ {5} Moreover, in Pataskala, supra, appellant filed a notice of appeal within thirty days of the judgment affirming the decision of the Board of Zoning Appeals. Appellant there did not wait for a ruling on its motion for findings of fact and conclusions of law. *Page 2 
 ¶ {6} In order to toll the appeal time under App. R. 4(B)(2), the request for findings and conclusions must be authorized under Civ. R. 52 and such request is not authorized where no fact-finding hearing occurred. In re Wells, 7th Dist. No. 03BE76, 2004-Ohio-1572, citingHenderson v. Brost Foundry Co. (1991), 74 Ohio App.3d 78, 80. Appellant's post-judgment request was a nullity since it sought findings of fact and conclusions of law on something upon which the lower court did not make any factual determinations. Consequently, such motion could not act as a tolling motion under App. R. 4(B)(2).
¶ {7} Appeal sua sponte dismissed for failure of appellant to timely file a Notice of Appeal from the operative order of August 29, 2008, affirming the decision of the Board of Zoning Appeals. Costs taxed against appellant.
Vukovich, P.J., Donofrio, J., Degenaro, J., concurs. *Page 1