JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant, The Chinese Merchants Association (On Leong Tong), ("the Merchants"), appeals the dismissal of their complaint against defendants-appellees, Dennis Rademaker ("Rademaker") and Rademaker, Matty, McClelland Greve, LLC,(collectively referred to as "the Law Firm"). Finding no merit to the appeal, we affirm.
 {¶ 2} In 2003, the Merchants filed an amended complaint against the Law Firm claiming legal malpractice for alleged conflicts of interest related to certain real estate transactions from 1997 to 1999. The trial court granted the Law Firm's Civ.R. 12(B)(6) motion to dismiss. The Merchants appeal, raising one assignment of error.
 {¶ 3} In their sole assignment of error, the Merchants claim that the trial court erred when it granted the Law Firm's motion to dismiss.
 {¶ 4} When reviewing a judgment granting a Civ.R. 12(B)(6) motion, an appellate court must independently review the complaint to determine whether dismissal was appropriate. Decisions on Civ.R. 12(B)(6) motions are not findings of fact, but are rather conclusions of law. State ex. rel. Drake v.Athens Cty. Bd. of Elections (1988), 39 Ohio St.3d 40. An appellate court need not defer to the trial court's decision in Civ.R. 12(B)(6) cases. McGlone v. Grimshaw (1993),86 Ohio App.3d 279, citing Athens Cty. Bd. of Elections, supra.
 {¶ 5} In order to prevail on a Civ.R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recover. A court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials. Greeley v. Miami ValleyMaintenance Contrs. Inc. (1990), 49 Ohio St.3d 228; State exrel. Plaza Interiors v. City of Warrensville Heights (May 24, 2001), Cuyahoga App. No. 78267; Wickliffe Country Place v.Kovacs, 146 Ohio App.3d 293, 2001-Ohio-4302; Frost v. Ford
(July 12, 2001), Franklin App. No. 00AP-1205. Moreover, a court must presume that all factual allegations set forth in the complaint are true and must make all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co.
(1988), 40 Ohio St.3d 190; Kennedy v. Heckard, Cuyahoga App. No. 80234, 2002-Ohio-6805.
 {¶ 6} The statute of limitations for an action for legal malpractice is one year. R.C. 2305.11(A). An action for legal malpractice accrues and the statute of limitations begins to run when there is a cognizable event whereby the client discovers or should have discovered that his injury was related to his attorney's act or non-act and the client is put on notice as to the need to pursue his possible remedies against the attorney, or when the attorney-client relationship for that particular transaction or undertaking terminates, whichever occurs later.Zimmie v. Calfee, Halter Griswold (1989), 43 Ohio St.3d 54,538 N.E.2d 398, at syllabus.
 {¶ 7} A "cognizable event" is an event sufficient to alert a reasonable person that in the course of legal representation his attorney committed an improper act. Wozniak v. Tonidandel
(1997), 121 Ohio App.3d 221, 699 N.E.2d 555; Spencer v. McGill
(1993), 87 Ohio App.3d 267, 622 N.E.2d 7. In determining the cognizable event, "the focus should be on what the client was aware of and not an extrinsic judicial determination." Vagianosv. Halpern (Dec. 14, 2000), Cuyahoga App. No. 76408, citingMcDade v. Spencer (1991), 75 Ohio App.3d 639, 600 N.E.2d 371.
 {¶ 8} Here, the Merchants claim that the statute of limitations commenced only when the Merchants became aware of the true nature of the real estate transactions, which was as late as February 2003, when the Law Firm produced documents regarding the transactions related to their representation. It is uncontroverted that the Law Firm represented them in real estate transactions from 1997 to 1999. The complaint indicated that the Merchants were aware that these transactions occurred because their President, Chuck Chin, was also the president of Gee How, another non-profit corporation, during this time.
 {¶ 9} Chuck Chin entered into real estate transactions on behalf of both entities. It was alleged that during these transactions, he engaged in a pattern of violating his fiduciary duty to the Merchants by benefitting Gee How, to their detriment. The Merchants claim that because the Law Firm represented them during these transactions, a conflict existed, and the Law Firm's actions constituted legal malpractice.
 {¶ 10} We find that the cognizable event that should have alerted the Merchants to the potential conflict of interest was the real estate transactions from 1997 to 1999. The Merchants knew that Chuck Chin was acting as president of both entities and that real estate was being transferred between entities and on its behalf. The fact that the "true nature" of the transactions is now in question does not satisfy the "cognizable event" standard. Therefore, the Merchants' claim falls outside the one-year limitations period for legal malpractice.
 {¶ 11} Although their claim is outside the one-year statute of limitations, the Merchants argue that the circumstances in this case require this court to equitably toll the statute of limitations under the doctrine of adverse domination. Adverse domination is an equitable doctrine that tolls statutes of limitations for claims by corporations against its officers, directors, lawyers, and accountants as long as the corporation is controlled by those acting against its interests. Clark v.Milam (1994), 192 W.Va. 398, 399, 452 S.E.2d 714, 715, citingInt'l Rys. of Central America v. United Fruit Co.,373 F.2d 408, 412 (2d Cir. 1967). See, also, Federal Deposit InsuranceCorporation v. Gantenbein (Sept. 30, 1992), D. Kan. No. 90-2303-V.
 {¶ 12} The Merchants have not cited any statute or case in Ohio which recognizes the doctrine of adverse domination. In support of their position, they cite several federal cases that discuss and adopt the doctrine of adverse domination. However, those cases interpret the applicable state law. While no Ohio court has addressed this doctrine, the Sixth Circuit Court of Appeals has held that a federal court must look at state law to determine whether a plaintiff's claim has been tolled by adverse domination. Phoenix Corporation v. Compton (Oct. 3, 1995), E.D, KY. No. 93-291, citing In re Southeast Banking Corp.,855 F. Supp. 353, 357 (S.D. Fla. 1994); The Resolution Trust Corp. v.Woods, 870 F. Supp. 797 (W.D. Tenn. 1994). We find that this doctrine has no support in Ohio either by statute or judicial decision and, thus, conclude that Ohio has not adopted the doctrine of adverse domination to toll the running of the statute of limitations in legal malpractice claims. Therefore, we decline to apply this doctrine to the instant case.
 {¶ 13} Moreover, in Squire, Supt. of Banks v. The GuardianTrust Co. (1947), 79 Ohio App. 371, 386, 72 N.E.2d 137, this court declined to toll the statute of limitations under the doctrine of "continuing dominion." This doctrine is essentially identical to that of adverse domination, because the statute of limitations commences only after the time the "wrongdoer" relinquishes control of the entity. Id. at 385. "In the absence of statute or controlling authority, the doctrine of continuing dominion will be rejected as a basis for tolling the statute of limitations." Id.
 {¶ 14} Therefore, because Ohio has not adopted the doctrine of adverse domination to toll the running of the statute of limitations and the Merchants' claim falls outside the one-year statute of limitations for legal malpractice, the trial court did not err in dismissing their complaint under Civ.R. 12(B)(6).
Judgment affirmed.
It is ordered that appellees recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J. and Celebrezze, Jr., J. concur.