JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs-appellants Donald Bope, et al. (appellants) appeal from the trial court's decision dismissing their complaints for asbestos-related personal injury and/or wrongful death against defendants-appellees A.W. Chesterton Company, et al. (appellees). After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} This lawsuit stems from appellants' claims that, from the 1930s through the 1950s, appellees assisted asbestos product manufacturers by tampering with and failing to disclose scientific research indicating that asbestos was a carcinogen. On May 24, 2002, various appellants filed asbestos product liability claims asserting theories of negligence, fraudulent concealment and conspiracy. In January 2003, the cases were consolidated into what is now before us on appeal. On June 25, 2004, appellees filed a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6). On August 4, 2004, the court granted appellees' motion, citing its opinion, Dale Bugg, et al. v. American Standard, Inc., et al.
(May 18, 2004), Cuyahoga Common Pleas No. CP CV-501703, as controlling.
 {¶ 3} While this appeal was pending, we affirmed Bugg, holding that the dismissal of asbestos-related personal injury claims against various insurance defendants was proper for the following reasons: 1) The failure to establish that the insurance defendants owed a duty to the plaintiffs; 2) The failure to establish that the insurance defendants increased the plaintiffs' risk of harm from asbestos; and 3) The plaintiffs did not rely on acts or omissions by the insurance defendants.Dale Bugg, et al. v. American Standard Inc., et al., Cuyahoga App. No 84829, 2005-Ohio-2613. We agree with the trial court that Bugg controls the outcome of the instant action.
 II. {¶ 4} In their first and only assignment of error, appellants argue that "the trial court erred to the prejudice of plaintiffs in granting defendant Metropolitan Life Insurance Company's motion to dismiss, for the reasons that: A. Plaintiffs' complaint stated a claim for fraudulent concealment and conspiracy; B. Plaintiffs' complaint stated a claim for negligent encouragement of tortious acts; C. Plaintiffs' complaint stated a claim for conspiracy and concert of action; D. The trial court erred in basing its decision on its prior ruling in Bugg, et al (CV-502649), which is factually and legally distinguishable from the matters at bar."
 {¶ 5} The standard for an appellate court reviewing a Civ.R. 12(B)(6) motion to dismiss is de novo. Greely v. Miami Valley MaintenanceContractors, Inc. (1990), 49 Ohio St.3d 228. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v.Guernsey Cty. Bd. of Commissioners (1992), 65 Ohio St.3d 545. The court must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrdv. Faber (1991), 57 Ohio St.3d 56. In order for the court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." O'Brien v. Univ. CommunityTenants Union, Inc. (1975), 42 Ohio St.2d 242, 245.
 {¶ 6} In the instant case, appellants' causes of action are based on either negligence or fraud. Absent a legal duty, there can be no liability for a negligent act. Menifee v. Ohio Welding Products, Inc.
(1984), 15 Ohio St.3d 75. Additionally, to bring a claim for fraud, a plaintiff must show that he or she relied on the defendant's representation or concealment. Gaines v. Preterm-Cleveland, Inc. (1987),33 Ohio St.3d 54. The duty element of a negligence claim and the reliance element of a fraud claim share a common characteristic as pertaining to the instant case. In order to prove duty and/or reliance, appellants must demonstrate a relationship between themselves and appellees. This relationship may lead to a duty in a negligence claim and it may lead to reliance in a fraud claim. However, absent this relationship, there is no duty on behalf of appellees to refrain from acting negligently toward appellants. In addition, absent this relationship, it is legally impossible for appellants to justifiably rely on appellees' representations or concealments.
 {¶ 7} Appellants' claims, whether cloaked as negligence or fraud, have one gaping hole in that they establish no connection whatsoever between appellants and appellees. Accordingly, for the same reasons outlined inBugg, we hold that appellants can prove no set of facts to support their claims that would entitle them to relief. The trial court did not err in granting appellees' motion to dismiss for failure to state a claim, and appellants' sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., concurs; Cooney, P.J., concurs in judgment only.