JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendants-appellants, Detective Alex Bakos and Sergeant Daniel Gilles, appeal the trial court's ruling that denied Det. Bakos and Sgt. Gilles immunity and allowed plaintiff-appellee, Erin O'Brien's claim against them for spoliation of evidence to remain (Appellate Case No. 89966). O'Brien cross-appealed the partial grant of summary judgment in favor of the city of Olmsted Falls, Det. Bakos, and Sgt. Gilles (Appellate Case No. 90336). Case Nos. 89966 and 90336 were consolidated. We reverse the trial court's ruling denying summary judgment to Det. Bakos and Sgt. Gilles (Case No. 89966). We affirm the trial court's grant of summary judgment against O'Brien (Case No. 90336).
 {¶ 2} O'Brien filed suit against the city of Olmsted Falls, Sgt. Larry Meluch,[1] Det. Alex Bakos, and Sgt. Daniel Gilles for spoliation of evidence, malicious prosecution, intentional infliction of emotional distress, tortious aiding and abetting, civil conspiracy, and violations of rights under the Ohio Constitution. This action arose out of a car accident involving O'Brien and Kathi Meluch near the intersection of Columbia Road and Bagley Road in Olmsted Falls, Ohio.
 {¶ 3} O'Brien, driving a Blazer, was exiting a gas station located on the southeast corner of the intersection. She pulled out in front of a stopped vehicle and attempted to proceed across the left turn lane to make a left turn onto Columbia *Page 4 
Road. Kathi Meluch was driving a Volvo on Columbia Road in the left turn lane, attempting to reach the intersection at Bagley Road to make a left turn. At this point, both vehicles collided in the left turn lane.
 {¶ 4} Sgt. Meluch and Olmsted Falls Auxiliary Police Officer Scott Cathcart were stopped at a traffic light on Columbia when the accident occurred. Both witnessed O'Brien exit the gas station, attempting to make a left on Columbia, and pull directly into the path of an oncoming vehicle. After the collision occurred, Sgt. Meluch realized that the Volvo was his wife's vehicle.
 {¶ 5} Sgt. Meluch got out of his vehicle to check if anyone was hurt. He radioed for a rescue squad and informed the police dispatcher that there had been an injury accident. Sgt. Meluch also requested that another officer be dispatched to handle the accident report because his wife was involved in the accident. A second rescue squad was called for his wife. O'Brien and Kathi Meluch were taken to the hospital.
 {¶ 6} Sgt. Gilles was dispatched and completed the accident report.
 {¶ 7} When Det. Bakos learned of the accident, he checked with the gas station at the corner where the accident occurred and obtained a security video that captured the accident on tape.
 {¶ 8} After consulting with City Prosecutor Brad Burland, Sgt. Gilles cited O'Brien with failure to yield from a private driveway under the Olmsted Falls Motor Vehicle Code. O'Brien pled not guilty in mayor's court, and the matter was turned *Page 5 
over to the Berea Municipal Court. After a trial, O'Brien was found guilty of the offense. The conviction was overturned on appeal because the Olmsted Falls Mayor's Court had failed to properly certify the matter to the municipal court. See City of Olmsted Falls v.O'Brien, Cuyahoga App. No. 84926, 2005-Ohio-1317.
 {¶ 9} The defendants filed a motion for summary judgment. The trial court granted summary judgment in favor of the defendants for all claims except the spoliation of evidence claims against Det. Bakos and Sgt. Gilles. Det. Bakos and Sgt. Gilles appealed. O'Brien cross-appealed.
 Standard of Review {¶ 10} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga Cty. Community College, 150 Ohio App.3d 169,2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood Police Dept,99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State ex rel. Duganitz v.Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191, 1996-Ohio-326.
 Assignments of Error {¶ 11} Det. Bakos and Sgt. Gilles's sole assignment of error states the *Page 6 
following: "The trial court erred to the prejudice of defendants Alex Bakos and Daniel Gilles when it denied them the benefit of immunity pursuant to R.C. 2744.03. (J. Entry of June 8, 2007)."
 {¶ 12} Under this assignment of error, Det. Bakos and Sgt. Gilles argue that the trial court erred when it denied immunity to them and failed to grant summary judgment in their favor as to O'Brien's spoliation of evidence claim. O'Brien argues that Det. Bakos and Sgt. Gilles waived their defense of immunity because they failed to raise it or argue it in their motion for summary judgment.
 {¶ 13} Under Civ. R. 8(C), a defendant is required to affirmatively set forth matters which will effectively preclude a finding of liability on the part of the defendant. Failure to raise such defenses in a responsive pleading or motion will constitute a waiver of those defenses. Although not specifically listed as an affirmative defense under Civ. R. 8(C), all types of immunity have been considered affirmative defenses. See Mitchel v. Borton (1990), 70 Ohio App.3d 141,145 (listing numerous examples of affirmative defenses not listed in Civ. R. 8(C)). Further, even if immunity is asserted as an affirmative defense in a defendant's answer, it still must be asserted in the motion for summary judgment. Leibson v. Ohio Dept. of Mental Retardation Developmental Disabilities (1992), 84 Ohio App.3d 751, 761.
 {¶ 14} Here, defendant's motion for summary judgment raises the defense of immunity only as to the city of Olmsted Falls. Det. Bakos and Sgt. Gilles argue that their defense of immunity is not waived because the trial court, sua sponte, *Page 7 
addressed the defense of immunity as it applied to Det. Bakos and Sgt. Gilles in its ruling on the motion for summary judgment. Nevertheless, a trial court cannot sua sponte raise an affirmative defense on behalf of a defendant who fails to do so. Thrower v. Olowo, Cuyahoga App. No. 81873, 2003-Ohio-2049.
 {¶ 15} Consequently, it was error for the trial court to consider whether Det. Bakos and Sgt. Gilles were immune from suit. Further, we find that the affirmative defense of immunity was waived by Det. Bakos and Sgt. Gilles.
 {¶ 16} We will now address whether the trial court properly denied summary judgment as to O'Brien's spoilation of evidence claim against Det. Bakos and Sgt. Gilles.
 {¶ 17} To recover on a claim for spoliation of evidence (also referred to as interference with or destruction of evidence), a plaintiff must prove all of the following elements: (1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts. Smith v. Howard-Johnson Ins. Co., Inc. (1993),67 Ohio St.3d 28, 29.
 {¶ 18} O'Brien argues that Det. Bakos and Sgt. Gilles provided false testimony at her criminal trial, failed to secure a traffic scene, failed to interview witnesses after a traffic accident, and attempted to impede O'Brien from obtaining a police report and an allegedly exculpatory videotape. Det. Bakos and Sgt. Gilles argue that the *Page 8 
spoliation of evidence tort is limited to the destruction of physical evidence, which O'Brien has failed to allege.
 {¶ 19} Ohio courts have refused to extend the Smith holding to cases where spoliation claims did not involve the destruction or alteration of physical evidence. Patriot Logistics, Inc. v. Contex Shipping (NW),Inc. (Sept. 13, 2007), N.D. Ohio App. No. 1:06CV552, citing Tate v.Adena Regional Medical Center (2003), 155 Ohio App.3d 524; Pratt v.Payne, 153 Ohio App.3d 450, 2003-Ohio-3777; and Bugg v. Am. Standard,Inc., Cuyahoga App. No. 84829, 2005-Ohio-2613; see, also, Moskovitz v.Mt. Sinai Med. Ctr, 69 Ohio St.3d 638, 650, 1994-Ohio-324 (alteration of medical records); Meros v. Mazgaj (Apr. 30, 2002), Trumbull App. No. 2001-T-0100 (destruction of contingent fee agreement); McGuire v.Draper, Hollenbaugh and Briscoe Co., L.P.A., Highland App. No. 01CA21, 2002-Ohio-6170 (destruction of client file); White v. Ford MotorCo. (2001), 142 Ohio App.3d 384, 386-387 (destruction of car);Carnahan v. Buckley, Mahoning App. No. 99 CA 323, 2001-Ohio-3224 (lack of pre-operative photographs); Matyok v. Moore (Sept. 1, 2000), Lucas App. No. L-00-1077 (disposal of cracked staircase); Williamson v.Rodenberg (June 30, 1997), Franklin App. No. 96APE10-1395 (missing behavioral interviewing materials); Cechowski v. Goodwill Industries ofAkron, Ohio, Inc. (May 14, 1997), Summit App. No. 17944 (destruction of documents); Sheets v. Norfolk S. Corp. (1996), 109 Ohio App.3d 278,288-289 (destruction of dispatcher tapes); Webster v. Toledo EdisonCo. (Nov. 1, 1996), Lucas App. No. L-95-342 (destruction of broken *Page 9 
tire studs); Cherovsky v. St. Luke's Hosp. of Cleveland (Dec. 14, 1995), Cuyahoga App. No. 68326 (missing pathology slides); and Tittle v.Rent-A-Wreck, a div. of Marhefka Chevrolet, Buick, Inc. (Sept. 24, 1993), Belmont App. No. 92-B-51 (missing car parts).
 {¶ 20} Although the Eleventh District Court of Appeals pointed out inDrawl v. Cornicelli (1997), 124 Ohio App.3d 562, that the Supreme Court of Ohio did not limit this cause of action to one for destruction of evidence, but also included the concept of "interference with" evidence and concealment of evidence, no Ohio court has followed this line of thought. Further, as we acknowledged in Bugg, the Supreme Court of Ohio's decision in Davis v. Wal-Mart Stores, Inc., 93 Ohio St.3d 488,2001-Ohio-1593, which addressed whether a spoliation claim was barred by the doctrine of res judicata, did not explicitly hold that "willful destruction of evidence" included misrepresentation, interference or concealment, without any factual allegation of destruction of evidence.
 {¶ 21} Here, O'Brien has failed to allege that either Det. Bakos or Sgt. Gilles destroyed or altered physical evidence. O'Brien accuses Det. Bakos and Sgt. Gilles of doing and failing to do numerous things, but does not set forth any physical evidence that Det. Bakos or Sgt. Gilles destroyed or altered. As we stated in Bugg, we decline to broaden the tort of spoliation in absence of clear direction from the Supreme Court of Ohio. As a result, no genuine issue of material fact remains to be litigated and summary judgment should have been granted in favor of Det. Bakos *Page 10 
and Sgt. Gilles.
 {¶ 22} Accordingly, Det. Bakos and Sgt. Gilles's sole assignment of error is overruled in part and sustained in part.
 {¶ 23} O'Brien's cross-appeal asserts five assignments of error for our review. Her first assignment of error states the following: "The trial court erred in determining that defendant City of Olmsted Falls was entitled to statutory immunity pursuant to R.C. 2744.02."
 {¶ 24} O'Brien concedes that under the Political Subdivision Tort Liability Act the city would be immune from liability for intentional torts committed by its employees, but she submits that the statute is unconstitutional. Specifically, O'Brien alleges that R.C. 2744 violates Sections 5 and 16, Article I of the Ohio Constitution (the right to a jury trial and the ability to bring suit against the State, respectively) and that political subdivision immunity is unconstitutional.
 {¶ 25} A properly enacted statute enjoys a presumption of constitutionality. Fabrey v. McDonald Police Dept, 70 Ohio St.3d 351,352, 1994-Ohio-368, citing State ex rel. Dickman v. Defenbacher (1955),164 Ohio St. 142, paragraph one of the syllabus. Therefore, it is incumbent upon the party challenging the statute to prove beyond a reasonable doubt that the statute violates a constitutional provision. Id.
 {¶ 26} O'Brien relies on the Supreme Court of Ohio case of Butler v.Jordan, 92 Ohio St.3d 354, 2001-Ohio-204, wherein a plurality of the court discussed *Page 11 
reasons why R.C. 2744.02 might be unconstitutional under Section 5, Article I. This discussion is pure dicta, and Butler falls short of declaring R.C. 2744.02 unconstitutional. Further, numerous appellate courts have refused to declare R.C. 2744 unconstitutional despite the plurality's pronouncement in Butler. Walker v. Jefferson Cty. Bd. ofCommrs., Jefferson App. No. 02 JE 14, 2003-Ohio-3490. See, also,Bundy v. Five Rivers Metroparks, 152 Ohio App.3d 426, 2003-Ohio-1766;Ratcliff v. Darby, Scioto App. No. 02-CA-2832, 2002-Ohio-6626, at ¶ 25;Eischen v. Stark Cty. Bd. of Commrs., Stark App. No. 2002CA00090, 2002-Ohio-7005; Shalkhauser v. Medina, 148 Ohio App.3d 41,2002-Ohio-222; Rehm v. General Motors Corp. (2001), 143 Ohio App.3d 226,231; Witt v. Fairfield Public School District (Apr. 22, 1996), Butler App. No. CA95-10-169. Thus, until the plurality's views command a majority on the Supreme Court of Ohio, we will not strike down the legislation as unconstitutional.
 {¶ 27} O'Brien also argues that R.C. 2744 violates her right to bring suit against the state under Section 16, Article I of the Ohio Constitution. The Supreme Court of Ohio has heard such arguments before and upheld R.C. 2744 as constitutional. Fabrey,70 Ohio St.3d at 354-355; Fahnbulleh v. Strahan, 73 Ohio St.3d 666, 669, 1995-Ohio-295.
 {¶ 28} Accordingly, we find no merit to O'Brien's argument that R.C. 2744 is unconstitutional. Consequently, the trial court properly granted summary judgment in favor of the city of Olmsted Falls because it is immune from liability. O'Brien's *Page 12 
first assignment of error is overruled.
 {¶ 29} O'Brien's second assignment of error states the following:
 {¶ 30} "The trial court erred in granting summary judgment to the City of Olmsted Falls, Alex Bakos and Daniel Gilles on Erin O'Brien's claim alleging malicious prosecution, despite a genuine dispute of material fact regarding the existence of probable cause."
 {¶ 31} The tort of malicious prosecution requires proof of three elements: (1) malice in the institution or continuation of a prosecution; (2) lack of probable cause, and (3) termination of the prosecution in favor of the accused. Froehlich v. Ohio Dept of MentalHealth, 114 Ohio St.3d 286, 2007-Ohio-4161.
 {¶ 32} The city of Olmsted Falls, as a political subdivision, is immune from intentional torts, including malicious prosecution. R.C. 2744.02; Barnes v. City of Beachwood, Cuyahoga App. No. 87100,2006-Ohio-3948. Therefore, summary judgment was properly granted in the city's favor.
 {¶ 33} As for Det. Bakos and Sgt. Gilles, we find that summary judgment in their favor was properly granted for several reasons. First, Det. Bakos and Sgt. Gilles did not "institute or continue" to prosecute O'Brien. City Prosecutor Brad Burland testified that it was his decision to prosecute O'Brien for the traffic violation. A prosecutor's involvement in the decision to prosecute insulates Det. Bakos and Sgt. Gilles from civil liability for criminal prosecution. Meluch v. O`Brien, Cuyahoga App. Nos. 89008 and 89626, 2007-Ohio-6633, citingBaryak v. Kirkland (2000), *Page 13 137 Ohio App.3d 704.
 {¶ 34} Next, for purposes of malicious prosecution, probable cause is defined as "`[a] reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged.'" Dailey v. First Bank of Ohio, Franklin App. No. 04AP-1309, 2005-Ohio-3152, quoting Ash v. Marlow (1851), 20 Ohio 119, paragraph one of the syllabus. In this case, there was probable cause to cite O'Brien with failure to yield from a private drive. It is undisputed that O'Brien entered the roadway from a gas station driveway and collided with Kathi Meluch. Therefore, there was a reasonable ground of suspicion that O'Brien violated the traffic laws.
 {¶ 35} Finally, O'Brien's traffic case was not terminated in her favor. O'Brien was found guilty of failure to yield; however, the conviction was vacated on appeal due to a procedural defect, not on the merits. See City of Olmsted Falls v. O'Brien, Cuyahoga App. No. 84926,2005-Ohio-1317.
 {¶ 36} We find that there was no genuine issue of material fact that remained to be litigated regarding O'Brien's malicious prosecution claim. Accordingly, summary judgment was properly granted. O'Brien's second assignment of error is overruled.
 {¶ 37} O'Brien's third assignment of error states the following:
 {¶ 38} "The trial court erred in granting summary judgment to the City of *Page 14 
Olmsted Falls on Erin O'Brien's claim alleging spoliation, despite a genuine dispute of material fact regarding the existence of a policy or custom condoning its employees' willful destruction and/or interference with evidence."
 {¶ 39} Relying on her previous argument that the immunity statute is unconstitutional, O'Brien argues that summary judgment should not have been granted as to her spoliation claim against the city. As stated previously, we find no merit to O'Brien's argument that R.C. 2744 is unconstitutional. The city of Olmsted Falls, as a political subdivision, is immune from intentional torts. R.C. 2744.02. Hence, summary judgment was properly granted in the city's favor, and O'Brien's third assignment of error is overruled.
 {¶ 40} O'Brien's fourth assignment of error states the following: "The trial court erred in granting summary judgment to defendants City of Olmsted Falls, Alex Bakos and Daniel Gilles of Erin O'Brien's claims alleging aiding and abetting and civil conspiracy, despite genuine disputes of material fact regarding the existence of an underlying tortious act."
 {¶ 41} In a civil aiding and abetting case, a plaintiff must show two elements: (1) knowledge that the primary party's conduct is a breach of duty and (2) substantial assistance or encouragement to the primary party in carrying out the tortious act. Andonian v. AC. S., Inc.
(1994), 97 Ohio App.3d 572, 647. In order to establish the tort of civil conspiracy, the following elements must be proven: (1) a malicious combination of two or more persons, (2) causing injury to another person or *Page 15 
property, and (3) the existence of an unlawful act independent from the conspiracy itself. Williams v. Aetna Financial Co. (1998),83 Ohio St.3d 464, 1998-Ohio-294. An action for civil conspiracy cannot be maintained unless an underlying unlawful act is committed. Gosden v. Louis (1996),116 Ohio App.3d 195.
 {¶ 42} Since O'Brien's underlying claims of malicious prosecution and spoliation of evidence cannot be maintained, the trial court properly granted summary judgment as to her civil aiding and abetting claims and her civil conspiracy claims. Accordingly, O'Brien's fourth assignment of error is overruled.
 {¶ 43} O'Brien's fifth assignment of error states the following:
 {¶ 44} "The trial court erred in dismissing plaintiff's claim of violations of state Constitutional rights against defendants City of Olmsted Falls, Alex Bakos and Daniel Gilles based on its determination that the complaint was insufficient to state a claim for relief."
 {¶ 45} O'Brien argues that her complaint stated a claim for abuse of police powers in violation of her state constitutional rights. The trial court found that O'Brien failed to state a claim upon which relief may be granted because she failed to allege the specific rights violated under the Ohio Constitution. We agree with the trial court. O'Brien's claim is vague and untenable. Accordingly, O'Brien's fifth assignment of error is overruled.
 {¶ 46} Judgment reversed in Case No. 89966 and affirmed in Case No. 90336.
It is ordered that appellants and appellee share the costs herein taxed. *Page 16 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and FRANK D. CELEBREZZE, JR., J., CONCUR
[1] All claims against defendant Larry Meluch were dismissed under the doctrine of res judicata. O'Brien conceded this below and has not appealed the lower court's ruling in that regard. *Page 1